IN THE UNITED STATES BANKRUPTCY COURT FOR THE
WESTERN DISTRICT OF MISSOURI

| | |
|---|---|
| IN RE: ) | |
| ) | |
| ERNEST D. HOOK and ) | Case No.  04-41254 |
| PAMELA JO HENDERSON ) | |
| ) | |
| Debtors. ) | |

### MEMORANDUM OPINION

Debtor Pamela Jo Henderson claimed a wage exemption with respect to certain accounts receivable generated in her bookkeeping business. The Chapter 7 trustee objected, and this Court sustained the objection. Henderson then filed an amendment to Schedule C to change the amount of such receivables, but still claimed the funds as exempt wages. At about the same time, she filed a motion for reconsideration of the previous Order. The trustee again objected to the amended exemptions. This is a core proceeding under 28 U.S.C. § 157(b)(2)(B) over which the Court has jurisdiction pursuant to 28 U.S.C. § 1334(b), 157(a), and 157(b)(1).  The following constitutes my Findings of Fact and Conclusions of Law in accordance with Rule 52 of the Federal Rules of Civil Procedure as made applicable to this proceeding by Rule 7052 of the Federal Rules of Bankruptcy Procedure. For the reasons set forth below, I deny the motion to reconsider, and disallow the amended exemptions.

### FACTUAL BACKGROUND

Henderson is a bookkeeper who owns and operates Henderson Accounting as a sole proprietor. On March 4, 2004, she filed this Chapter 7 bankruptcy petition. On Schedule C

of her bankruptcy schedules she claimed as exempt the sum of $5,565.00 from "accounts receivable" in the amount of $5,850.00. As to such accounts receivable, she claimed $300.00 as exempt pursuant to the catchall Missouri personal property exemption (Mo. Stat. Ann. § 513.430(3)). The trustee did not object to that claim of exemption. A total of $5,265.00, however, was claimed as exempt wages pursuant to section 525.030(2) of Missouri's Revised Statutes. As to the wage exemption, on March 31, 2004, the trustee filed a timely objection. The objection notified Henderson, consistent with Rule 9013-1 of the Local Rules of Practice, United States Bankruptcy Court, Western District of Missouri, that if no response was filed within 20 days, the matter would be ruled by the Court without further notice or hearing. Henderson did not file a timely response to the objection, and on April 23, 2004, this Court entered its Order sustaining the objection. On April 30, 2004, Henderson amended her Schedule C to claim a total of $3,392.00 of the accounts receivable as exempt wages pursuant to section 525.030(2) of Missouri's Revised Statutes, now describing the receivables as "Personal Service Earnings". On May 3, 2004, she filed a motion for reconsideration of the Order of April 23, 2004, stating that her amended exemptions had clarified both the value of the receivables, and the fact that such receivables represent personal service earnings. The trustee objected to the amended exemptions. On June 1, 2004, this Court held a hearing on both the motion to reconsider and the trustee's objection to amended exemptions. At the hearing Henderson testified that she is the head of her household and that the accounts receivable were generated primarily from her

2

personal services (though she does have an assistant who helps in this work). She also testified that she has certain expenses associated with her business, including rent, postage, supplies, software, and the salary of her assistant.

There are four issues before me: (1) whether the first Order sustaining the trustee's objection should be given *res judicata* effect; (2) whether there is any basis to amend Schedule C in light of this Court's Order sustaining the objection; (3) whether the motion to reconsider should be granted; and (4) whether Henderson is entitled to claim all of the funds in her accounts receivable as exempt due to her personal services when she admittedly did not perform all of the personal services. I will not reach the fourth issue since I find that the amendment is not warranted, and that there is no basis to reconsider the prior order denying the claim of exemption pursuant to section 525.030(2) of Missouri's Revised Statutes.

## DISCUSSION

I sustained the trustee's objection to Henderson's claim of exemption when she failed to file a response. Instead, Henderson amended Schedules B and C for the stated purpose of more accurately explaining that the accounts receivable resulted from her personal services, and to clarify the amount. Thus, I must decide if Henderson's amendment effectively alters the original claim, or merely restates her claim after an Order sustaining the trustee's objection had been entered. In other words, does the doctrine of preclusion prevent Henderson from amending her exemption schedule as to this exemption? "'*Res*

3

*judicata'* is the term traditionally used to describe the two discrete effects of preclusion."[1] As the United States Supreme Court explained in *Baker by Thomas v. General Motors Corporation*,[2] a valid final adjudication of a claim precludes a second action on that claim or any part of it.[3] This effect was historically known as *res judicata* and is now commonly known as claim preclusion.[4] The test applied to determine if claim preclusion bars litigation of a claim is: (1) whether the prior order was rendered by a court of competent jurisdiction; (2) whether the order was a final order on the merits, and (3) whether the same cause of action and the same parties or their privies were involved.[5]

The second effect of the doctrine of preclusion involves an issue of fact or law that is actually litigated and resolved by a valid final judgment. Such judgment binds the parties in a subsequent action, whether on the same or a different claim.[6] This effect was historically known as *collateral estoppel* and is now commonly known as issue preclusion. The test applied in the Eighth Circuit to determine if issue preclusion bars litigation of an issue is (1) whether the issue sought to be precluded is the same as that involved in a prior action; (2) whether the issue was actually litigated in the prior action; (3) whether the issue

---

[1] *Leonard v. Southwestern Bell Corp. Disability Income Plan*, 341 F.3d 696, 701 (8th Cir.

[2] 522 U.S. 222, 118 S. Ct. 657, 139 L. Ed. 2d 580 (1998).

[3] 522 U.S. at 233 n.5.

[4] *Leonard* at 341 F.3d 701.

[5] *Gurley v. Hunt*, 287 F.3d 728, 731 (8th Cir. 2002).

[6] *Thomas* at 522 U.S. at 233 n.5.

was determined by a valid and final order; and (4) whether the determination was essential to the prior judgment.[7]

In *In re Daniels*,[8] the debtors failed to file a timely response to the trustee's objection to their claim of exemption as to a pending personal injury suit. As a result, the bankruptcy court entered an order sustaining the objection. The debtors did not appeal or seek reconsideration of that order. After the trustee settled the lawsuit the debtors amended Schedule C claiming the proceeds of the settlement as exempt.[9] The court held that despite the general policy of liberally allowing amendments to bankruptcy schedules, courts should disallow an amended claim of exemption where the effect of the amendment is to allow debtors to relitigate an exemption claim that has already been determined by the court.[10] The court also relied on the doctrine of preclusion. It found that the court's order sustaining the trustee's objection to exemption was a final judgment on the merits--even though the claim had not been litigated--because the debtors had every opportunity to litigate and failed to do so.[11] In other words, an order entered after a party with proper notice fails to file a timely response is considered to be a judgment on the merits.

---

[7]*Leonard v. Southwestern Bell Corp. Disability Income Plan*, 341 F.3d 696, 701 (8th Cir.

[8]270 B.R. 417 (Bankr. E.D. Mich. 2001).

[9]*Id.* at 420.

[10]*Id.* at 422.

[11]*Id.* at 424 (citations omitted).

As such, the Order sustaining the trustee's objection is a valid order unless the amendment offers a different basis for Henderson's claim. Henderson original Schedule C claimed as exempt:

| Property | Relevant Law | Value of Exemption | Value of Property |
|---|---|---|---|
| Accounts Receivable<br><br>Account receivable owed by Glass Central to Henderson Accounting Services | RS Mo § 525.030(2) | $315.00<br>$350.00 | |
| Accounts Receivable<br>Accounts receivable for work done for regular clients during the month of February estimated to be approximately $5,500.00. | RSMo § 525.030(2)<br>RSMo § 513.430(3) | $4,950.00<br>300.00 | $5,500.00 |

After this Court's Order of April 23, 2004, sustaining the trustee's objection to this claim of exemption, she amended Schedule C as follows:

| Property | Relevant Law | Value of Exemption | Value of Property |
|---|---|---|---|
| Accounts Receivable<br><br>Personal service earnings for bookkeeping owed by Glass Central to Henderson Accounting Services | RS Mo § 525.030(2) | $315.00<br>$350.00 | |

| | | | |
|---|---|---|---|
| <u>Accounts Receivable</u> | RSMo § 525.030(2) | $3,077.00 | $3,419.10 |
| Personal service earnings | RSMo § 513.430(3) | 300.00 | |
| For bookkeeping and quarterly report preparation work done for regular clients during the month of February. | | | |

Henderson did not amend the provision of Missouri's Revised Statutes under which she claimed the exemption. She did not amend the category for which she claimed the exemption. She did amend or "clarify" the amounts, but the trustee's objection did not go to the amount claimed. And, she sought to clarify that her personal services generated the accounts receivable. I note that, at the hearing, she testified that she paid an employee to perform some of the bookkeeping tasks. I need not, however, decide what portion of these receivables was attributable to the personal services of the debtor.[12] I find that the amendment did not substantially alter the nature or the legal basis for the original claim of exemption. I, therefore, will not allow her to file an amended claim of exemption because

---

[12] For relevant law as to this issue, *see In re Parsons,* 252 B.R. 480, 485 (Bankr. W.D. Mo. 2000), *affirmed*, *Parsons v. Union Planters Bank (In re Parsons)*, 262 B.R. 475 (B.A.P. 8th Cir. 2001), *affirmed*, *Parsons v. Union Planters Bank (In re Parsons)*, 280 F.3d 1185 (8th Cir. 2002) (holding that only personal services directly attributable to a debtor are subject to a claim of exemption. Debtor has the burden of demonstrating the percentage attributable to her labor and the percentage attributable to the labor of others); *In re Pruss*, 235 B.R. 430, 434 (B.A.P. 8th Cir. 1999), *appeal dismissed and remanded,* 229 F.3d 1197 (8th Cir. 2000), *opinion vacated*, 255 B.R. 314 (B.A.P. 8th Cir. 2000) (the Bankruptcy Appellate Panel for the Eighth Circuit (the BAP) held that an attorney who practiced as a solo practitioner could claim her accounts receivable as exempt wages if she was solely responsible for the generation of the accounts. The Eighth Circuit dismissed the appeal as moot after the bankruptcy court dismissed the underlying case. On remand the BAP vacated the opinion, calling into question what if any precedential value this case now has, even though it was cited by the trustee at the hearing).

the effect would be to allow her to relitigate an exemption claim that this Court has already determined.[13]

That brings me to the issue of whether there is any basis to reconsider the Order of April 23, 2004, which sustained the trustee's objection, in light of the amendment to the scheduled exemptions. Rule 59 of the Federal Rules of Civil Procedure, as made applicable by Rule 9023 of the Federal Rules of Bankruptcy Procedure, provides that a "motion to alter or amend a judgment must be filed no later than 10 days after entry of the judgment."[14] I find that Henderson timely filed her motion. This Court will grant a Rule 59(e) motion upon a showing of manifest error of law or fact or presentation of newly-discovered evidence.[15] Henderson made no such showing. She only argued that she was entitled to claim her accounts receivable as exempt because she generated the accounts receivable by her personal services. She also argued that she was filing an amended Schedule C to clarify that the accounts receivable accrued from her personal services and to clarify the amount. She did not argue that this Court erred in sustaining the trustee's objection when she failed to file a response, nor did she offer any argument that she could not have offered in a timely response. Henderson offered no cause for this Court to reconsider the Order. She did not argue excusable neglect. She offered no explanation of her failure to file a timely response.

---

[13]*In re Daniels*, 270 B.R. 417, 422 (Bankr. E.D. Mich. 2001).

[14]Fed. R. Civ. P. 59(e).

[15]*Nova Home Health Serv., Inc. v. Casagrande (In re Casagrande)*, 143 B.R. 893, 900 (Bankr. W.D. Mo. 1992).

8

She gave this Court no basis to grant the motion to reconsider. I, therefore, deny the motion to reconsider this Court's Order sustaining the trustee's objection to Henderson's claim of exemption.

An Order in accordance with this Memorandum Opinion will be entered this date.

/s/ Arthur B. Federman
Bankruptcy Judge

Date: June 4, 2004

Copy to: Jerald Enslein
         Mindy Morse